UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACE B. BAATZ,

        Petitioner,

                                    Case No. 12-11969

v.

                                    Honorable Patrick J. Duggan

LLOYD RAPELJE,

        Respondent.

_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Trace Baatz ("Petitioner"), a state prisoner currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for writ of habeas corpus. Petitioner challenges his conviction of one count of breaking and entering a building with intent to commit a felony or larceny therein, in violation of Michigan Compiled Laws § 750.110. After pleading no contest to this charge in Kent County Circuit Court, Petitioner was sentenced to one to ten years' imprisonment. In his petition, Petitioner asserts that he was never arraigned. For reasons set forth below, the Court dismisses the petition without prejudice.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568,

2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999).  "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations."  *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(1)(A).  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseemliness' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732.  Michigan prisoners must raise their claims in the Michigan Court of Appeals and Michigan Supreme Court before seeking federal habeas corpus relief.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). The petitioner bears the burden of establishing exhaustion.  *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. He admits in the petition that "at no point was an appeal filed or decided with respect to this issue."  Petitioner's Statement of Facts ¶ 9.  This allegation is confirmed by the trial docket sheet attached to the petition, as well as the attached letter from the Michigan Court of Appeals, stating: "We conducted a thorough search of our computerized database and did not locate a pending or prior appeal that was filed in this matter."  Petitioner's claim is therefore unexhausted.  Because the petition does not contain any exhausted claims, this

Court lacks jurisdiction over the matter.  The Court shall therefore summarily dismiss the petition without prejudice so that Petitioner may pursue exhaustion of state court remedies. *See Hudson v. Martin*, 8 F. App'x 352, 353 (6th Cir. 2001).

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; and (2) the district court was correct in its procedural ruling.  *Id.* at 484-85, 120 S. Ct. at 1604.

The Court does not believe that reasonable jurists would not debate the conclusion that the petition should be summarily dismissed without prejudice for failure to exhaust state court remedies.  The Court therefore declines to issue a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED**

**WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of

appealability.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Date: June 20, 2012
Copies to:

Trace Baatz, #158283
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623