UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACE B. BAATZ,

    Petitioner,

                                                       Case No. 12-11969

v.

                                                       Honorable Patrick J. Duggan

LLOYD RAPELJE,

    Respondent.

_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION</u>**

On May 1, 2012, Trace Baatz ("Petitioner"), a state prisoner incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for writ of habeas corpus. Petitioner challenges his conviction of one count of breaking and entering a building with intent to commit a felony or larceny therein, in violation of Michigan Compiled Laws § 750.110. In his petition, Petitioner asserts that he was never arraigned.

On June 20, 2012, the Court summarily dismissed the petition without prejudice for failure to exhaust state court remedies. *See* Dkt. #6. This matter is presently before the Court on Petitioner's motion for reconsideration, filed on July 5, 2012. Petitioner argues that because his petition was filed pursuant to 28 U.S.C. § 2241, he was not required to exhaust state court remedies. The Court grants a motion for reconsideration only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3).

Although the petition was filed pursuant to § 2241 rather than § 2254, that does not alter the outcome here. Sixth Circuit precedent requires habeas petitioners to exhaust state court remedies where such remedies are available, even if they file their petitions under § 2241. *See Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) ("[Petitioner] argues that his challenge is rather to the execution of his sentence, a challenge properly brought under 28 U.S.C. § 2241. We decline to decide this question because under either of these sections [he] is required first to exhaust his state court remedies."); *Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004) (affirming dismissal of § 2241 petition for "failure to exhaust state court remedies"); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (courts should abstain from the exercise of jurisdiction under § 2241 if the issues raised in the petition may be resolved by state procedures available to the petitioner). Courts in the Eastern District of Michigan have similarly required exhaustion of state court remedies before a petition is filed pursuant to § 2241. *Reaves v. Hofbauer*, 433 F. Supp. 2d 833, 834 (E.D. Mich. 2006).

Petitioner cites decisions of federal courts holding that exhaustion of state court remedies is not required under § 2241. *See Engel v. Daniels*, 459 F. Supp. 2d 1053, 1054 (D. Or. 2006); *Barq v. Daniels*, 428 F. Supp. 2d 1147, 1150 (D. Or. 2006). These courts reasoned that exhaustion is not a jurisdictional requirement under § 2241. However, "the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional." *Marquez v. INS*, 346 F.3d 892, 897 (9th Cir. 2003). This Court is bound by Sixth Circuit precedent, which requires exhaustion of state court remedies even under § 2241.

Petitioner notes that he has filed a motion for post-conviction relief in Kent County

Circuit Court and a habeas petition in Saginaw County Circuit Court. He has attached to his motion the orders issued by the state circuit courts denying relief. In order to properly exhaust state court remedies, however, Michigan prisoners must raise their claims in both the Michigan Court of Appeals and Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Although Petitioner filed his petition under § 2241, the rules governing § 2254 cases may be applied. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (citing Rule 1(b) of the Rules Governing § 2254 Cases). "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241." *Id.* The Court concludes that the petition must be dismissed without prejudice so that Petitioner may exhaust his remedies in the state courts. Because the arguments raised by Petitioner do not affect the outcome of this case, the Court denies his motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration is **DENIED**.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Trace Baatz, #158283
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623